## Phillips et ux. v. Koynock et ux.

*T. H. Hudson, Jr.*, for plaintiffs.
*Anthony Cavalcante*, for defendants.

CARR, P. J., March 22, 1948.—On October 19, 1946, plaintiffs let to defendants a dwelling house at No. 19 Maple Street, Brownsville, for a term of one month, beginning on November 1, 1946, with the stipulation that if the lessee should continue on the premises after the termination of the lease, it should continue in full force for another month, and so on from month

to month until legal notice was given for removal. On August 6, 1947, they served on defendants a notice to remove from the premises "at the end of your current term, to-wit: on the 5th day of September, 1947;" and on October 28, 1947, they caused a judgment in ejection to be confessed against defendants by virtue of a warrant of attorney contained in the lease. On November 14, 1947, a rule was issued at the instance of defendants to show cause why the judgment should not be stricken off for lack of proper notice to quit. Subsequently, depositions were taken by plaintiffs and proof made that on November 25, 1947, they served upon defendants a new notice requiring them to remove from the premises on January 1, 1948. The case is now before us on the rule.

The Act of March 31, 1905, P. L. 87, sec. 1, 68 PS §366, regulating the notice to be given in such cases, provides as follows:

"In all cases where a tenant shall hold possession of real estate within this Commonwealth, either by license or lease, whether oral or written, for any time less than one year, or by the month, or for an indeterminate time; and the immediate landlord or owner of such real estate shall desire to regain possession thereof from such tenant or occupant, he shall serve upon the tenant or an adult member of his family a notice, in writing, demanding therein that he requires such tenant or occupant to deliver to him the possession of the premises, so held, within thirty days from the date of the service thereof: Provided, That this act shall not be construed as authorizing the dispossession of a tenant before the expiration of his or her license or lease."

It is apparent from the proviso of the statute that plaintiffs could not on August 6, 1947, by notice of any kind, have entitled themselves to dispossess defendants before September 30th, since the tenancy, being from the first day to the last day of each recurring calendar

month and not for an indeterminate time or at will, could not then have been made to terminate earlier. It is an ordinary and necessary incident of a monthly or other periodic tenancy that when a new period is allowed to begin the tenancy must, in the absence of any other arrangement between the parties, continue until the period ends, and neither party can, against the will of the other, put an end to it during the currency of the period. Nor in our opinion is it possible to regard the notice to defendants to quit on September 5th as requiring them to do so on September 30th. Although the statute does not with regard to tenancies created for definite periods less than a year expressly declare that a notice shall require the tenant to deliver up possession of the premises at the end of one of the recurring periods of the lease, that has long been its accepted meaning, not only in this Commonwealth, but in other States where substantially the same statute has been adopted: see 32 Am. Jur. 838, §998. The notice to quit purports to fix a time at which the tenant is bound to quit and the landlord may enter, and consequently the rent terminates at that time. The rights of both parties are in all respects fixed by it and are dependent on it. It is manifest, therefore, that when the landlord attempts to specify the particular day on which the tenant must quit he should specify correctly a day on which the lease is terminable. It is uniformly held that the notice must be definite and certain, positive, and without ambiguity, and that it is to be strictly construed: Fotterall v. Armour, 218 Pa. 73.

The effort to validate the judgment by a new notice given after it was entered can avail nothing; the judgment must be self-sustaining: Barasch v. Burke, 10 Fayette 80.

For these reasons we conclude that the judgment is invalid and should be stricken off.

146

*Order*

And now, March 22, 1948, upon consideration of the foregoing case, the rule issued November 14, 1947, to show cause why the judgment should not be stricken off is made absolute, the judgment is stricken off, and the writ of habere facias possessionem quashed.